**KimbleGrabb, P.L.L.C.**
7411 E. Tanque Verde Rd.
Tucson, Arizona  85715
Ph: 520.326.2500
KimbleLaw@aol.com

Attorneys and Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STEPHEN KIMBLE, an individual, and ROBERT GRABB, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>MARVEL ENTERPRISES, INC.,<br><br>Defendant. | Case No. CIV 08-372-TUC-DCB (GEE)<br><br>**ANSWER TO COUNTERCLAIM** |

Plaintiffs / Counter Defendants respond to the allegations of the Counterclaim by admitting, denying and alleging as follows:

1. Counter Defendants admit the allegations the allegations of paragraphs 22, 23, 24, 25, 26, 27, 29, 30, 32, 34, 35, 36 and 44 of the Counterclaim.

2. Responding to paragraph 28 of the Counterclaim, Counter Defendants admit that at the time of the prior litigation, Toy Biz (Marvel) was only selling the Spider-Man Web Blaster, Item 47630.  As such, it was the only product at issue.  Counter Defendants admit that the Spider-Man Web Blaster shoots

foam string and nothing else.

3. Responding to paragraph 31 of the Counterclaim, Counter Defendants admit that while the appeal was pending, the parties entered into a Settlement Agreement. Counter Defendants contend that all of the terms of that agreement are essential.

4. Responding to paragraph 33 of the Counterclaim, Counter Defendants assert that the Settlement Agreement speaks for itself. Counter Defendants deny all additional allegations contained in paragraph 33.

5. Responding to paragraphs 37, 38, 39 and 40 of the Counterclaim, upon information and belief, as of January 1, 2007, Marvel entered into a license agreement with Hasbro wherein Hasbro now manufactures and markets the Web Blaster products. Counter Defendants disagree with the use of the word "improved" to describe subsequent versions of the Web Blaster.

6. Responding to paragraph 41 of the Counterclaim, Counter Defendants admit that Hasbro has manufactured a version of the Web Blaster which incorporates additional features. Many, if not all of these features were also in the Web Blasters sold by Marvel.

7. Counter Defendants do not have sufficient information to respond to the allegations of paragraph 42 of the Counterclaim and so deny same.

8. Responding to paragraph 43 of the Counterclaim, Counter Defendants admit that Counter Claimant does not want to pay Counter Claimants 3% of the net product sales, but rather only 3% of the "value of a non-electric foam string shooting Web Blaster". This is not, however what the parties agreed to.

9. Responding to paragraph 45 of the Counterclaim, Counter Defendants admit that as a result of Counterclaimant's conduct, a justiciable controversy now exists between Plaintiffs and Marvel about payment of 3% of "net product sales".

**RESPONSE TO FIRST COUNERCLAIM**

10. Counter Defendants incorporate the admissions, denials and responses set forth above as if set forth in full herein.

11. Responding to paragraphs 47 and 48 of the Counterclaim, Counter Defendants admit that as a result of Counterclaimants threat to halt payments in the future, there exists an actual, present and justiciable controversy between Marvel and Plaintiffs as to whether Marvel is obligated to continue royalty payments after the expiration of the patent.  This is a controversy, wholly of the Counter Claimants making.

12. Responding to paragraph 49 of the Counterclaim, Counter Defendants deny that it was forced to retain legal counsel and that it is entitled to fees and costs.

13. Responding to paragraph 50 of the Counterclaim, Counter Defendants admit that this action arises out of a contract and that the prevailing party is entitled to an award of reasonable attorney's fees.  Should the Plaintiffs prevail, they too are entitled to reasonable attorneys fees though they themselves are attorneys.

**RESPONSE TO SECOND COUNTERCLAIM**

14. Counter Defendants incorporate the admissions, denials and responses set forth above as if set forth in full herein.

15. Responding to paragraph 52 of the Counterclaim, Counter Defendants deny that in 2007, Marvel paid Plaintiffs 3% of "net product sales". In fact, Marvel paid less that 3% of "net product sales". Counter Defendant denies the remaining allegations of paragraph 52.

16. Responding to paragraph 53 of the Counterclaim, Counter Defendants admit that Counter Claimant does not want to pay Counter Claimants 3% of the net product sales, but rather only 3% of the "total price of the kits attributable to the basic Web Blaster plus one can of refill string". This is not, however what the parties agreed to.

17. Counter Defendants deny the allegations contained in paragraphs 54 and 55.

18. Responding to paragraph 56 of the Counterclaim, Counter Defendants admit that this action arises out of a contract and that the prevailing party is entitled to an award of reasonable attorney's fees. Should the Plaintiffs prevail, they too are entitled to reasonable attorneys fees though they themselves are attorneys.

## RESPONSE TO THIRD COUNTERCLAIM

19. Counter Defendants incorporate the admissions, denials and responses set forth above as if set forth in full herein.

20. Responding to paragraph 58 of the Counterclaim, Counter Defendants deny that in 2007, Marvel paid Plaintiffs 3% of "net product sales". In fact, Marvel paid less that 3% of "net product sales". Counter Defendant denies the remaining allegations of paragraph 58.

21. Responding to paragraph 59 of the Counterclaim, Counter Defendants admit

that Counter Claimant does not want to pay Counter Claimants 3% of the net product sales, but rather only 3% "on the percentage of the total price of the product attributable to the function of the basic Web Blaster". This is not, however what the parties agreed to.

22. Counter Defendants deny the allegations contained in paragraphs 60 and 61.

23. Responding to paragraph 62 of the Counterclaim, Counter Defendants admit that this action arises out of a contract and that the prevailing party is entitled to an award of reasonable attorney's fees. Should the Plaintiffs prevail, they too are entitled to reasonable attorneys fees though they themselves are attorneys.

WHEREFORE, Counter Defendants pray that this Court:

a. Enforce the agreement requiring Marvel to pay Plaintiffs 3% of net product sales for as long as Marvel sells a toy based on Plaintiffs disclosure and/or patent.

b. Dismiss the balance of the Counterclaim.

c. Award Counter Defendants the relief sought in their complaint.

d. Award Counter Defendants their reasonable attorney's fees.

e. Award Counter Defendants their costs incurred.

f. Award Counter Defendants pre-judgment interest any and all amounts owed.

g. Grant such other and further relief as the court deems proper.

Dated this 19TH day of September, 2008

**KimbleGrabb, PLLC**

by  s/Robert Grabb

Robert Grabb, Esq.
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

    I hereby certfy that on September 19, 2008, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing.

    I further certify that on September 19, 2008, I served the attached document be email to :

Andrew Jacobs  
Snell & Willmer, LLP  
ajacobs@swlaw.com

David Fleischer  
Paul, Hastings, Hanofsky & Walker LLP  
davidfleischer@paulhastings.com

s/Robert Grabb