**KimbleGrabb, P.L.L.C.**
7411 E. Tanque Verde Rd.
Tucson, Arizona  85715
Ph: 520.326.2500
kimblelaw@aol.com

Attorneys / Plaintiffs / Counter Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STEPHEN KIMBLE, an individual, and ROBERT GRABB, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>MARVEL ENTERPRISES, INC.,<br><br>Defendant. | Case No. CIV 08-372-TUC-DCB<br><br>**REPLY TO DEFENDANT'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION**<br><br>**(Oral Argument Requested)** |

Plaintiffs' reply to defendant's objection to the sections III.D and III.C of the Magistrate's *Report and Recommendation*.  This Reply is supported by the following Memorandum.

### Section III. D

Section III. D of Magistrate Ferraro's Report and Recommendation concerns Marvel's argument that since it entered into a contract with Hasbro to manufacture the Web Blaster, it is no longer obligated to pay anything to plaintiffs.  The Magistrate concluded that "under the plain language of the Agreement, Marvel owes Plaintiffs a 3% royalty for anyone's product sales covered by the Agreement."  The Magistrate

stopped short of granting plaintiffs *Motion for Summary Judgment* finding that there was a question as to whether the toys manufactured by Hasbro were within the scope of the Agreement (a position not asserted, argued or briefed by either party).

Defendant does not voice any objection to any of the Magistrates findings regarding Marvel's obligation to pay 3% of Hasbro's net product sales. Rather, defendant's objection concerns comments made in *dicta;* comments that have no bearing to any issue before this court. In his Report and Recommendation, Magistrate Ferraro wrote:

> The plain language of the Agreement obligated Marvel to pay a 3% royalty to Plaintiffs for any products within the two categories specified by the Agreement – products that would infringe the patent and the Web Blaster litigated in the prior Action. The Agreement has no limitations based on who is manufacturing and/or marketing the products. Contrary to marvel's contention, this would not obligate it to pay for sales by an unrelated third-party. *A third party with no relationship to Marvel could not legally manufacture a toy within either of these categories because Marvel owns the patent and it owns the right to Spider-Man and the Web Blaster is a Spider-Man toy. Thus, Marvel has complete control over the sale of any toys within those two categories.*

It is the italicized portion of the above quoted language to which Marvel takes exception. As was mentioned above, this language was merely dicta that addressed a hypothetical scenario proffered by Marvel.

Marvel argues that if an unrelated third party made the Web Blaster Marvel its remedy would be to file a claim against that third party for infringement of its intellectual property rights. Marvel argues that this is both an expensive and uncertain proposition.

What Marvel fails to mention is that the issue before this court has nothing to do with an unrelated third party, but rather concerns Hasbro, an assignee of Marvel's

rights. Hasbro, which is making the Web Blaster, is making it as Marvel's assignee and paying Marvel for the rights to do so. Hasbro is a related third party. In short, Marvel's objection is to a hypothetical situation, not the situation at bar.

### Section III. C

Section III. C of the *Report* recommends granting Plaintiffs Motion for Summary Judgment as to the definition of net product sales. Defendant objects to the recommendation and incorporates the relevant portions of its Consolidated Opposition. In response, Plaintiffs incorporate those relevant portions of their Motion for Summary Judgment.

### Conclusion

Marvel agreed that Net Product Sales is 93% of Gross Product Sales. Marvel also agreed to pay Plaintiffs 3% of Net Product Sales of certain products. When Marvel assigned the rights to make that toy to Hasbro, Marvel remained responsible for making those payments. It is simply irrelevant what actions Marvel could take against an unrelated third party who chooses to make the same or similar toy. For these reasons, plaintiffs pray that this Court reject defendant's Objection to the Magistrates Report and Recommendation.

RESPECTFULLY SUBMITTED this 30th day of December, 2009.

**KimbleGrabb, PLLC**

by  s/Robert Grabb

Robert Grabb, Esq.
Attorneys / Plaintiffs / Counter Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Andrew Jacobs
Snell & Wilmer, LLP
ajacobs@swlaw.com

Joe Kroeger
Snell & Wilmer, LLP
jkroegere@swlaw.com

David Fleischer
Paul, Hastings, Hanofsky & Walker LLP
davidfleischer@paulhastings.com

s/Robert Grabb