WO

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Kimble, an individual, and Robert Grabb, and individual,<br><br>Plaintiffs,<br>v.<br><br>Marvel Enterprises, Inc.,<br><br>Defendant. | CV 08-372 TUC DCB<br><br>**ORDER** |

Plaintiffs filed a Motion for Reconsideration on April 29, 2010. The Court ordered a Response. There is no Reply in support of a Motion for Reconsideration, unless ordered by the Court. LR Civ. 7.2(g)(2).

At the outset, the Court notes that motions to reconsider are appropriate only in rare circumstances:

> The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *see also, Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 308-09 (D. Ariz. 1992).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through--rightly or wrongly." *Above the Belt, Inc.*, 99

F.R.D. at 101; *See Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F. Supp. 6, 7 (N.D. Ill. 1983). Arguments that a court was in error on the issues it considered should be directed to the court of appeals. *Id.* at 7.

Motions to reconsider are generally treated as motions to alter or amend the judgment under Federal Rules of Civil Procedure, Rule 59(e). *See In re Agric. Research & Tech. Group, Inc.*, 916 F.2d 528, 542 (9th Cir. 1990); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986). A motion to amend a judgment based on arguments that could have been raised, but were not raised, before judgment was entered may not properly be granted. 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2810.1 at 127-28; *Demasse v. ITT Corporation*, 915 F. Supp. 1040, 1048 (Ariz. 1995) (a Rule 59(e) motion may not be used to raise arguments or present evidence that could have been raised or presented prior to judgment); *Williams v. Poulos*, 11 F.3d 271, 289 (1st Cir. 1993) (proper to deny Rule 59(e) request for relief not requested in amended complaint).

Alternatively, a court can construe a motion to reconsider as a Rule 60 motion for relief from a judgment or order. Under Rule 60, a party can obtain relief from a court order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, and (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Absent good cause, Plaintiffs' Motion for Reconsideration should have been filed no later than 14 days after the filing date of the Order that is the subject of the motion." LR Civ. 7.2(2). Plaintiffs seek reconsideration of the Court's Order denying leave to amend the First Amended Complaint, which was filed April 8, 2010. The Motion for Reconsideration was filed late on April 29, 2010.

1  The Court has reviewed Plaintiffs' Motion to Reconsider, Defendant's Response, and
2  its Order denying leave to amend. The Court denied leave to amend because:

> This case is ready for trial. The cause of action was removed here on June 27, 2008. The Plaintiffs filed a First Amended Complaint on November 18, 2009. After extensive discovery and even more extensive briefing in respect to dispositive motions, *see* Order filed 3/2/10 at 4 (describing matters having been fully briefed by six dispositive motions), the Court ruled on the dispositive motions and ordered the parties to file a Joint Pretrial Order by March 26, 2010. As noted in the Court's Order, subsequent to the parties filing the Joint Pretrial Order, the Court sets a pretrial conference and sets the trial date at the pretrial conference. But for this Court's administrative practice of setting the trial date at the pretrial conference, this case would already have a firm trial date sometime within the next 90 days. While a trial date is not set, the case is ready for trial in every other way. The Motion to Amend is untimely.

(Order (90) at 5.) But for Plaintiffs' motion for leave to amend, this case would have set for trial sometime between June and July.

The Court also denied the Motion to Amend because it held it would be futile to attempt to resuscitate contract claims based on any verbal agreement between the parties made prior to the Settlement Agreement. *Id.* Subsequent to the Court's ruling, the Defendant filed an action on April 9, 2010, in the Southern District of New York for a declaratory judgment on the verbal agreement. Plaintiffs waived service on April 14, 2010. Plaintiffs filed the Motion for Reconsideration on April 29, 2010. Arguably, there is good cause for the late filed Motion for Reconsideration.

In the Motion for Reconsideration, the Plaintiffs argue they "should be allowed to add the same declaratory judgment count asserted by Defendant in the Southern District Court of New York. Plaintiffs argue the New York district court is an inconvenient forum, which will make it expensive for them to litigate this question.

Defendant responds that it was forced to file the declaratory action after Plaintiffs asserted in the Motion to Amend Complaint that it would file a separate and independent action based on the verbal contract, if this Court denied Plaintiffs leave to amend to add the claim here. If Plaintiffs followed through with this plan, Defendant would be forced

to litigate the futility of the oral contract claim thousands of miles from its attorneys and New York headquarters. Defendant argues New York is the proper forum because the oral contract claim arose in New York and is governed by New York law.

Defendant argues as follows:

> Contrary to plaintiffs' contention that an action on the alleged oral agreement would "involve exactly the same facts" (Doc. No. 89 at 5), any action on the alleged oral agreement does not involve the same facts as those of the Settlement Agreement. An action on the alleged oral agreement is going to focus primarily on determining whether an agreement was formed at a meeting that took place in New York, New York in 1990, what the subject of that alleged agreement was, whether there are any still-existing obligations under that alleged agreement, and if necessary, may involve reviewing some of the toys at issue in this action. In contrast, this action focuses on the written Settlement Agreement which resulted from an Arizona lawsuit and does not require this Court to revisit the events at a meeting in New York in 1990.

(D's Response at 7.)

According to the Defendant, the district court in New York will answer the question of whether an agreement was formed at a meeting that took place in New York. This question was answered in the affirmative by a jury verdict entered in CV 97-557 TUC RCC, which resulted in the Settlement Agreement being considered in this case. According to Defendant, the district court in New York will answer the question of whether there are any still-existing obligations under the alleged agreement. This question cannot be answered without considering the Settlement Agreement that is the subject of this action. The Defendant admits that it may be necessary for the New York district court to review some of the toys at issue in this action. The Court is not persuaded by the Defendant's argument that the declaratory action is not related to this case.

Additionally, Defendant argues:

> . . . the parties are not the same. The Settlement Agreement involves Marvel, Mr. Kimble, and Mr. Grabb while the New York action involves only Marvel and Mr. Kimble because Mr. Grabb was indisputably not part of any alleged oral agreement. Third, while it may be more expensive for Mr. Kimble to litigate the New York action, it is

4

> significantly cheaper for Marvel to litigate the New York action because it is located in New York and its attorneys are in New York. Fourth, asking this Court to extend the proceedings that it has already diligently been handling for almost two years does not provide any advantage to this Court, and because of the futility of plaintiffs' claim this Court has already recognized, the burden on the Southern District of New York to adjudicate this claim – likely on summary judgment or a motion for judgment on the pleadings – will be minimal. Indeed, given the merits of Mr. Kimble's claim based on the alleged oral agreement, it is likely that Mr. Kimble will ultimately recognize that it is not a claim worth pursuing at all.

*Id.*

The Court is not persuaded that the burden on the New York district court will be minimal in adjudicating the declaratory judgment. Nevertheless, this Court will not reconsider its denial of the Motion to Amend the First Amended Complaint in this case. The Court reaffirms its finding that amending the First Amended Complaint to add this claim for declaratory judgment is untimely and would be futile.[1]

The parties had ample opportunity to, and did, raise their legal arguments after extensive discovery was completed by way of six fully briefed motions for summary judgment. The claim for declaratory judgment was not raised. The Court ruled on the dispositive motions. The Pretrial Order has been filed in the case. A pretrial conference will be set, forthwith, whereat a trial date will be set.

The Court has reviewed the Proposed Pretrial Order and finds section one and section three to be deficient for the purpose of assisting this Court in conducting the pretrial conference. Fed. R. Civ. P.16. The Court holds a pretrial conference to consider the simplification of issues and the possibility of obtaining admissions of fact and documents that will avoid unnecessary proof. *Id.*

---

[1] Plaintiffs filed a Notice with this Court that they have filed a Motion in the District Court for the Southern District of New York for dismissal or transfer of the case here. This does not change this Court's decision to deny the Motion to Amend the First Amended Complaint.

"Pretrial orders play a crucial role in implementing the purposes of the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action.'" *United States v. First Nat. Bank of Circle,* 652 F.2d 882, 886 (9th Cir. 1981) (quoting F.R.Civ.P. 1). "Unless pretrial orders are honored and enforced, the objectives of the pretrial conference to simplify issues and avoid unnecessary proof by obtaining admissions of fact will be jeopardized if not entirely nullified." *Id.* (citing Rule 16). "Accordingly, a party need offer no proof at trial as to matters agreed to in the order, nor may a party offer evidence or advance theories at the trial which are not included in the order or which contradict its terms." *Id.* (citing 3 Moore's Federal Practice P 16.19, pp. 16-42 to 16-46; 6 Wright & Miller, Federal Practice and Procedure § 1527, pp. 605-07). "Disregard of these principles would bring back the days of trial by ambush and discourage timely preparation by the parties for trial." *Id.*

Prior to the pretrial conference, the deficiencies in section one and three must be addressed. The Proposed Pretrial Order filed by the parties includes Plaintiffs' Statement of the Nature of the Action, which is "for breach of contract." (Proposed Pretrial Order at 2, ¶ 1A. Defendant does not dispute this, and adds 11 paragraphs, culminating in a summary of the only remaining issues of concern being "what sales should be included in 'net product sales' as such phrase is used in the agreement." *Id.* at 5. Defendant succinctly describes the three remaining issues as: 1) whether Marvel is required to pay 3% of Hasbro's or Marvel's "net product sales" of Web Blasters; 2) whether the 3% net product sales reaches extra-value items sold together with Web Blasters; and 3) whether multi-function Web Blasters are covered by the Agreement. The Plaintiffs do not object.

The Proposed Pretrial Order consists of 9 paragraphs of agreed to contested issues of law and fact, which must be resolved at trial. Plaintiffs add 5 paragraphs of additional contested issues of law, and Defendant adds 21 paragraphs of additional contested issues of law and fact. A cursory review of the additional contested issues of

law and fact appear to the Court to include questions and issues addressed by the Court in its Order adopting the Magistrate Judge's R&R and the R&R rulings on the six motions for summary judgment, issued on March 2, 2010, and December 2, 2009, respectively. The additional contested issues of law and fact also appear much broader than the issues remaining for trial identified in section one of the Proposed Pretrial Order.

The parties shall revisit the Proposed Pretrial Order with the purpose of the Order in mind, which is to identify the issues for trial to those necessary for one side or the other to prevail and secure the just, speedy, and inexpensive determination of this action. The parties shall consider revising the Proposed Pretrial Order in respect to the issues of law and fact which must be decided at trial. The parties shall file objections where necessary so the Court may make necessary rulings to finalize the Pretrial Order at the Pretrial Conference. Fed. R. Civ. P. 1, 16.

**Accordingly,**

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (doc. 94) is DENIED.

**IT IS FURTHER ORDERED** that within 10 days of the filing date of this Order, Defendants shall file any revised Proposed Pretrial Order and objections to each others additional contested issues of law and fact. The parties shall strike from any Proposed Pretrial Order any issues of law and fact resolved by the Court in its Order and the R&R on the parties' motions for summary judgment or specify why, in light of the Court's rulings, they remain for determination at trial. Failure to object shall be a concession to the relevancy of the fact or issue for trial. Objections shall be made by a Motion to Strike, which shall be no more than 10 pages. Responses may be filed 5 days after the filing date of the Response and shall be no more than 5 pages in length. There will be no Replies.

1 **IT IS FURTHER ORDERED** that this case is set for a Pretrial Conference on
2 Monday, August 2, 2010, at 1:30 P.M. before the Honorable David C. Bury in Courtroom
3 6B, Sixth Floor, Evo A. DeConcini United States Courthouse, 405 W. Congress Street,
4 Tucson, Arizona.

DATED this 2nd day of June, 2010.

David C. Bury
United States District Judge